United States District Court
Southern District of Texas
**ENTERED**
March 24, 2016
David J. Bradley, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| CHARLES MBECHE, § | |
| § | |
| Plaintiff, § | |
| VS. § | CIVIL ACTION NO. 4:15-CV-01846 |
| § | |
| WILMINGTON TRUST, NATIONAL § | |
| ASSOCIATION, *et al*, § | |
| § | |
| Defendants. § | |

**MEMORANDUM OPINION AND ORDER**

**I.  INTRODUCTION**

Pending before the Court is the defendants', Wilmington Trust, National Association, as Trustee for VM Trust Series 1, a Delaware statutory trust ("Wilmington Trust") and Shellpoint Mortgage Servicing ("Shellpoint") (collectively, the "defendants"), motion to dismiss pursuant to Federal Rules of Civil Procedure 12(b)(6) (Dkt. No. 4). The plaintiff, Charles Mbeche (the "plaintiff") filed a response in opposition to the motion (Dkt. No. 5), to which the defendants filed a reply (Dkt. No. 6). After having carefully considered the motion, response, reply, and the applicable law, the Court determines that the defendants' motion to dismiss should be **GRANTED** in part and **DENIED** in part.

**II.  FACTUAL OVERVIEW**

This case concerns a mortgage foreclosure dispute. On August 25, 2003, the plaintiff through his wife, Sandra Mbeche, executed a promissory Note and Deed of Trust in favor of Hometrust Mortgage Company ("Hometrust"), encumbering real property located at 16306 Pitcairn Drive, Tomball, Harris County, Texas 77377 (the "property"). On October 4, 2011, Hometrust assigned its interest in the Note and Deed of Trust to JPMorgan Chase Bank, NA

("JPMC"), and that assignment was filed in the Harris County Clerk's office. On January 17, 2014, JPMC assigned its interest in the Note and Deed of Trust to the Secretary of the U.S. Housing and Urban Development ("HUD"), and that assignment was filed in the Harris County Clerk's office. On June 5, 2014, HUD assigned its interest in the Note and Deed of Trust to the defendants, and that assignment was filed in the Harris County Clerk's office. For an unspecified period of time, the plaintiff regularly made payments to the defendants. After the plaintiff eventually defaulted on his mortgage, the defendants initiated foreclosure proceedings scheduled to commence on June 2, 2015. On April 27, 2015, the defendants filed a Notice of Substitute Trustee Sale in the Harris County Clerk's office.

On May 28, 2015, the plaintiff's counsel sent the defendants a Notice of Violation of the Deed of Trust prior to the scheduled foreclosure sale. On May 29, 2015, the plaintiff commenced the instant action in the 164th Judicial District Court of Harris County, Texas in an effort to halt the defendants' foreclosure sale of the property. Specifically, by way of his petition, the plaintiff seeks relief for: (1) a permanent injunction; (2) a declaration specifying the parties rights under the promissory Note and Deed of Trust; (3) a quiet of title in his favor, (4) violations of the Deceptive Trade Practices Act; (5) violations of the Truth in Lending Act; (6) money had and received; (7) breach of contract; and (8) attorney's fees. On June 1, 2015, the state court entered an Order granting the plaintiff a temporary restraining order. On June 29, 2015, the defendants timely removed the state court action to this Court on the basis of diversity and federal question jurisdiction. 28 U.S.C. § 1331 and 1332.[1] The

---

[1] The parties are completely diverse and the real property at issue in this case has a current fair market value of $215,039.00 according to the Harris County Appraisal District's records.

defendants now move to dismiss the plaintiff's claims pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure.

## III. LEGAL STANDARD

Federal Rule of Civil Procedure 12(b)(6) authorizes a defendant to move to dismiss for "failure to state a claim upon which relief may be granted." Fed. R. Civ. P. 12(b)(6). Under the demanding strictures of a Rule 12(b)(6) motion, "[t]he plaintiff's complaint is to be construed in a light most favorable to the plaintiff, and the allegations contained therein are to be taken as true." *Oppenheimer v. Prudential Sec., Inc.*, 94 F.3d 189, 194 (5th Cir. 1996) (citing *Mitchell v. McBryde*, 944 F.2d 229, 230 (5th Cir. 1991)). Dismissal is appropriate only if, the "[f]actual allegations [are not] enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555, 127 S. Ct. 1955, 1965, 167 L. Ed. 2d 929 (2007). Moreover, in light of Federal Rule of Civil Procedure 8(a)(2), "[s]pecific facts are not necessary; the [factual allegations] need only 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Erickson v. Pardus*, 551 U.S. 89, 93, 127 S. Ct. 2197, 2200, 167 L. Ed. 2d 1081 (2007) (per curiam) (quoting *Twombly*, 550 U.S. at 555, 127 S. Ct. at 1964). Even so, "a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555, 127 S. Ct. at 1964 - 65 (citing *Papasan v. Allain*, 478 U.S. 265, 286, 106 S. Ct. 2932, 92 L. Ed. 2d 209 (1986)).

In *Ashcroft v. Iqbal*, the Supreme Court expounded upon the *Twombly* standard, reasoning that "[t]o survive a motion to dismiss, a complaint must contain sufficient factual

matter, accepted as true, to 'state a claim to relief that is plausible on its face.' " *Ashcroft v. Iqbal*, 556 U.S. 662, 129 S. Ct. 1937, 1949, 173 L. Ed. 2d 868 (2009) (quoting *Twombly*, 550 U.S. at 570, 127 S. Ct. at 1974). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678, 129 S. Ct. at 1949 (citing *Twombly*, 550 U.S. at 556, 127 S. Ct. at 1955). "But where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged-but it has not 'show [n]'-'that the pleader is entitled to relief.'" *Iqbal*, 556 U.S. at 679, 129 S. Ct. at 1950 (quoting Fed. R. Civ. P. 8(a)(2)).

Nevertheless, when considering a 12(b)(6) motion to dismiss, the Court's task is limited to deciding whether the plaintiff is entitled to offer evidence in support of his or her claims, not whether the plaintiff will eventually prevail. *Twombly*, 550 U.S. at 563, 127 S. Ct. at 1969 n.8 (citing *Scheuer v. Rhodes*, 416 U.S. 232, 236, 94 S. Ct. 1683, 40 L. Ed. 2d 90 (1974)); *see also Jones v. Greninger*, 188 F.3d 322, 324 (5th Cir. 1999). In this regard, its review is limited to the allegations in the complaint and to those documents attached to a defendant's motion to dismiss to the extent that those documents are referred to in the complaint and are central to the claims. *Causey v. Sewell Cadillac-Chevrolet, Inc.*, 394 F.3d 285, 288 (5th Cir. 2004). The Court may also, however, "take judicial notice of documents in the public record . . . , and may consider such documents in determining a motion to dismiss." *R2 Invs. LDC v. Phillips*, 401 F.3d 638, 640 n.2 (5th Cir. 2005) (citing *Lovelace v. Software Spectrum Inc.*, 78 F.3d 1015, 1017-18 (5th Cir. 1996). "Such documents should be considered only for the purpose of determining what statements [they] contain, not to prove the truth of [their] contents." *Lovelace*, 78 F.3d at 1018 (internal citation omitted). "If,

based on the facts pleaded and judicially noticed, a successful affirmative defense appears, then dismissal under Rule 12(b)(6) is proper." *Hall v. Hodgkins*, No. 08-40516, 2008 WL 5352000, *3 (5th Cir. Dec. 23, 2008) (citing *Kansa Reinsurance Co., Ltd. v. Cong. Mortg. Corp. of Tex.*, 20 F.3d 1362, 1366 (5th Cir. 1994)).

## IV.     ANALYSIS & DISCUSSION

### A.     Breach of Contract

The Court grants the defendant's motion to dismiss regarding the plaintiff's breach of contract claim. To prevail on a breach of contract claim, a plaintiff must show: (1) the existence of a valid contract; (2) performance or tendered performance by the plaintiff; (3) breach of the contract by the defendant; and (4) damages sustained as a result of the breach. *Valero Mtkg. & Supply Co. v. Kalama Int'l*, 51 S.W.3d 345, 351 (Tex. App.—Houston [1st Dist.] 2001, no pet.) (internal citation and emphasis omitted).

While the defendants move to dismiss the plaintiff's breach of contract claim, the plaintiff has not briefed the merits of this claim in his response. Notwithstanding, a review of the pleadings on file guides the Court to the conclusion that the plaintiff failed to demonstrate that he performed on the contract and that the defendants breached the agreement. The plaintiff's original petition alleges that the defendants breached the Note and Deed of Trust because they failed to post and record notice of their intent to foreclose on the property. However, the defendants produces a "Notice of Substitute Trustee's Sale" ("notice") filed in the Harris County records on April 27, 2015.[2] This notice was filed more than 21 days prior to the foreclosure sale scheduled to commence on June 2, 2105. Because

---

[2] Courts may "take judicial notice of documents in the public record . . . and may consider such documents in determining a motion to dismiss." *R2 Invs. LDC v. Phillips,* 401 F.3d 638, 640 n.2 (5th Cir. 2005) (citing *Lovelace v. Software Spectrum Inc.*, 78 F.3d 1015, 1017-18 (5th Cir. 1996)).

the defendants complied with the Deed of Trust and applicable law's strictures, they had the right to foreclose. The only other fact that would refute the defendants' right to accelerate and foreclose on the debt is an allegation that the plaintiff did not default on the loan, which the plaintiff has not alleged. Thus, the plaintiff's breach of contract claim is without merit. Therefore, with no facts pled to sustain the plaintiff's breach of contract allegation, the Court grants the defendants' motion to dismiss that claim.[3]

**B.     The Plaintiff's Remaining Claims**

The plaintiff's remaining claims are premised on the fact alleged that the defendants have not proved that they were the "true Note holders." To advance this argument, the plaintiff avers that "[t]he original Note and [Deed of Trust] were not executed in favor of the [the defendants] and [the defendants] [have] not produced evidence that it is the current owner and/or holder of the Note or the [Deed of Trust]." As such, the plaintiff alleges that the defendants were not entitled to collect on the debt, accelerate the note, or foreclose on the property.

As evidence that the defendants are not the holders of the Note, the plaintiff offers a copy of a record search on the Mortgage Electronic Registration System ("MERS")[4], which lists JPMC as the servicer and investor. The plaintiff, however, has not sufficiently shown a break in chain of the assignments for the contested Note and Deed of Trust. Meanwhile, the defendants have produced copies of the Note and Deed of Trust, as well as the assignments

---

[3] Furthermore, the plaintiff's claim discussed below, that the defendants lack the right to enforce the Note and Deed of Trust stands in direct contradiction to his argument that the defendants breached those agreements. If the defendants are not parties to the Note or Deed of Trust as the plaintiff alleges, they could not have breached those agreements.

[4] MERS is a national database that "provides free public access to servicer information for registered home mortgages, complementing public land recording systems. . . ." MERS Inc., https://www.mersinc.org.

showing the chain of title of those documents from the original holder to the defendants. "Under Texas law, a non-judicial foreclosure may be initiated by the current mortgagee including: the grantee, beneficiary, owner, or holder of a security instrument, a book entry system, or the last person to whom the security interest has been assigned of record." *Farkas v. GMAC Mortg., LLC*, 737 F.3d 338, 342 (5th Cir. 2013) (citing Tex. Prop. Code § 51.0001(4)).

The plaintiff executed the Note and Deed of Trust in favor of Hometrust on August 25, 2003. On October 4, 2011, Hometrust assigned its interest in the Note and Deed of Trust to JPMC, and that assignment was filed in the Harris County Clerk's office. On January 17, 2014, JPMC assigned its interest in the Note and Deed of Trust to HUD, and that assignment was filed in the Harris County Clerk's office. On June 5, 2014, HUD assigned its interest in the Note and Deed of Trust to the defendants, and that assignment was also filed in the Harris County Clerk's office. Thus, the defendants have shown a sufficient chain in title conferring the right to foreclose on the property. Therefore, with insufficient facts pled to sustain the plaintiff's allegations, the Court grants the defendant's motion to dismiss the claims for: (1) a permanent injunction; (2) a declaration specifying the parties rights under the promissory Note and Deed of Trust;[5] (3) a quiet of title in his favor; (4) violations of the Deceptive Trade Practices Act; and (5) money had and received.[6]

---

[5] Claims for injunctive and declaratory relief are remedial in nature, and are therefore dependent on the plaintiff's assertion of a viable cause of action. *See VRC LLC v. City of Dallas*, 460 F.3d 607, 611 (5th Cir. 2006) (internal citation omitted) (a plaintiff seeking a permanent injunction must establish, *inter alia*, success on the merits of his claim); *Collin County, Tex. v. Homeowners Ass'n for Values Essential to Neighborhoods*, 915 F.2d 167, 170 (5th Cir. 1990) (declaratory judgment actions are remedial only).

[6] According to the plaintiff's original petition, he alleges that the defendants violated § 1641(g) of the Truth in Lending Act, which states that "not later than 30 days after the date on which a mortgage loan is sold or otherwise transferred or assigned to a third party, the creditor that is the new owner or assignee of the debt shall notify the borrower in writing of such transfer." 15 U.S.C. 1641(g). The Act also provides for reasonable attorney's fees as

## V.   CONCLUSION

Based on the foregoing analysis and discussion, the defendant's motion to dismiss is **GRANTED** in part and **DENIED** in part.  Further, the plaintiff's alternative request for leave to amend is **DENIED**.

It is so **ORDERED**.

SIGNED on this 24th day of March, 2016.

_____
Kenneth M. Hoyt
United States District Judge

---

determined by the Court.  *See* 15 U.S.C. 1640(a)(3).  The defendants have not addressed this contention or directed the Court to any evidence to the contrary.  Therefore, the claim for a violation under the Truth in Lending Act and attorney's fees as it relate to the alleged violation will remain.